## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 16-cv-22730-FAM
### (Underlying Criminal Case No. 12-20716-CR-FAM)

HORACE COOK
      Movant,

v.


UNITED STATES OF AMERICA,
      Respondent.
_____/


## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255, AND MEMORANDUM OF LAW IN SUPPORT


Horace Cook, through undersigned counsel, respectfully moves this Court to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.  This Court sentenced MR. COOK   as a career offender based on the residual clause of U.S.S.G. § 4B1.2(a)(2).   Under the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Mr. Cook   does not qualify as a career offender, and his career-offender sentence violates due process of law.  Accordingly, Mr. Cook   requests that this Court grant this motion and re-sentence him without the career offender enhancement.

1

## PROCEDURAL HISTORY

Mr. Cook was indicted in a four count indictment for Hobbs Act robbery. [Crim. D.E. 1]. On December 20, 2012, Mr. Cook pled guilty to one count of Hobbs Act robbery, in violation of 18 U.S.C. §1951(a) (Count 4) pursuant to a written plea agreement. [Crim. D.E. 19 and 20].   The presentence investigation report in the case determined that Mr. Cook was a career offender based on: (1) a 1994 conviction for North Carolina robbery without a gun or deadly weapon and (2) a 2007 conviction for Florida robbery by sudden snatching.  PSI, ¶21.  Mr. Cook objected to his designation as a career offender in the PSI.  [Crim. D.E. 22].   Sentencing was held in front of the Honorable Federico Moreno on February 26, 2013. [Crim. D.E. 32]. Mr. Cook was sentenced to 151 months, the bottom of the career offender guideline. [Crim. D.E. 32].    Mr. Cook did not file a direct appeal.  He filed his initial §2255 motion to vacate on March 4, 2014 *pro se*. [Civ. D.E. 1] based on ineffective assistance of counsel because he had been advised that his state case based on the same conduct would be dismissed after the Federal case concluded.  It was not dismissed and Mr. Cook received an additional sentence for the same conduct in Miami Dade County District Court.  Mr. Cook's initial  §2255 petition was denied. [Civ. D.E. 32 and 33]. On May 31, 2016, Mr. Cook filed his first application for leave to file successive motion to vacate sentence *pro se*  in Eleventh Circuit Case No. 16-13095 based on the Supreme Court's decision in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015) .  [App. D.E. 1].  That motion was denied on June 27, 2016.  The panel decision based its denial of Mr. Cook's motion to file a

second §2255 motion on the Eleventh Circuit's holding in *United States v. Matchett*, 802 F. 3d 1185, 1193-96 (11th Cir. 2015) and *In re Griffin*, No. 16-12012 (11th Cir. May 25, 2016). Judge Rosenbaum wrote a concurring opinion in the denial disagreeing with the holdings in *Matchett* and *In re Griffin* while recognizing that they are both binding precedent in the Eleventh Circuit.

On the exact same date, June 27, 2016, the United States Supreme Court granted certiorari to resolve the circuit conflict as to whether *Johnson* applies to the Guidelines, and decide whether it applies retroactively in that context. *Beckles v. United States*, ___ S.Ct. ___ (U.S. No. 15-8544) (cert. granted June 27, 2016). Accordingly, Mr. Cook maintains – and believes the Supreme Court will soon confirm – that after *Johnson*, he is no longer a career offender. Accordingly, he is entitled to relief. On June 27, 2016, Mr. Cook also filed a new petition for permission to file a second §2255 motion in the Eleventh Circuit.

## GROUNDS FOR RELIEF

In *Johnson*, the Supreme Court declared the residual clause of the Armed Career Criminal Act (ACCA)—"or otherwise involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii)—to be "unconstitutionally vague" because the "indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S. Ct. at 2557. Thus, "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id*. Following *Johnson*, Mr. Cook   is no longer a career offender.

### I.    Mr. Cook   No Longer Qualifies as a Career Offender

A defendant is a career offender if: (1) he was at least eighteen when he committed the instant offense; (2) the instant offense is a felony crime of violence or controlled substance offense; and (3) he has "at least two prior felony convictions of either a crime of violence or a controlled substance offense."  U.S.S.G. § 4B1.1. A "crime of violence" is defined as a felony that, *inter alia*: "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another [elements clause], or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives [enumerated-offense clause], or otherwise involves conduct that presents a serious potential risk of physical injury to another [residual clause]."  U.S.S.G. § 4B1.2(a).

Mr. Cook  no longer qualifies as a career offender because *Johnson* invalidated the residual clause, and, without the residual clause, he does not have two prior

convictions that continue to qualify as predicate offenses under U.S.S.G. § 4B1.2(a) and his instant offense does not continue to qualify as a predicate offense under U.S.S.G. § 4B1.2(a)].

### A.  Florida Robbery by Sudden Snatching is not a crime of violence

The first conviction used to enhance Mr. Cook's sentence as a career offender was a 2007 conviction in Florida for robbery by sudden snatching.  However, a Florida conviction for "robbery by sudden snatching" in violation of Fla. Stat. §812.131 is not a violent felony within the guidelines elements clause.  By the terms of the statute, it is "not necessary to show" for conviction that "[t]he offender used any amount of force beyond that effort necessary to obtain possession of the money or other property," or that "[t]here was any resistance offered by the victim to the offender or that there was injury to the victim's person."  It is clear from those terms that such an offense does not have "as an element the use, attempted use, or threatened use of physical force against the person of another."

Notably, in *Edlord Dieujuste v. United States*, Case No. 15-80618-Civ-Ryskamp/White (S.D.Fla.), the government rightly conceded that this prior no longer qualifies as an ACCA predicate without the residual clause.  DE17. And Magistrate Judge White and Judge Ryskamp thereafter so found.  *See Deiujuste*, DE21 (adopting report and recommendation, DE20, and granting Dieujuste's motion to vacate his enhanced ACCA sentence).

### B.  Florida Robbery is not a crime of violence

The other conviction used to enhance Mr. Cook's sentence as a career offender was a 1994 conviction for robbery without a gun or deadly weapon. The PSI states that he was arrested in Camden, North Carolina, but that offense occurred in Florida. It is unclear from the PSI where he was prosecuted. If he was prosecuted in North Carolina, the Fourth Circuit has held that North Carolina robbery is not a crime of violence under the elements clause. *United States v. Billups*, 2016 WL 3254700 (4th Cir. June 14, 2016).

If he was prosecuted in Florida, then the Court must look at the history of the Florida robbery statute. According to *United States v. Welch*, 683 F.3d 1304 (11th Cir. 2012), a pre-1999 conviction for robbery under Fla. Stat. §812.13 must be analyzed as a "robbery by sudden snatching," an offense for which "any degree of force" sufficed. In *Welch*, the Eleventh Circuit distinguished *United States v. Lockley*, 632 F.3d 1238 (11th Cir. 2011) where it had found a 2001 conviction for attempted robbery was a "crime of violence" within both the elements and residual clauses of the Guidelines. Welch argued, and the Court agreed, that *Lockley* was not dispositive of whether his 1996 conviction under §812.13(1) was a violent felony, "because Lockley was convicted after Florida promulgated the 'sudden snatching' statute, *so snatching from the person might [have] furnish[ed] the basis for [the 1996] robbery conviction here but not in Lockley*." *Welch*, 683 F.3d at 1312 (emphasis added).

Although the language of §812.13(1) has never changed, what *did* change – quite significantly in 1999 (*after* both Welch and Mr. Cook  were convicted) – was Florida's statutory scheme for robberies. In 1999, the Florida legislature enacted a

separate "robbery by sudden snatching" statute, Fla. Stat. §812.131.  But as of 1996 (before the enactment of that statute), the Court recognized in *Welch*, non-forceful snatching offenses were still being prosecuted as "strong-arm" robberies under §812.13(1) in Florida.  *See Welch*, 683 F.3d at 1311 and nn.28-38.  Only *after* Welch was convicted, the Eleventh Circuit underscored, was §813.131 enacted, establishing a separate crime of "'robbery by sudden snatching,' in between larceny and robbery." 683 F.3d at 1311.

The Eleventh Circuit recognized in *Welch* that the enactment of §812.131 "appear[ed] to have been a legislative response" to the Florida Supreme Court's decision in *Robinson v. State*, 692 So.2d 883, 886 (Fla. 1997), which clarified that "there must be resistance by the victim that is overcome by the physical force of the offender" to establish robbery, "so that the intermediate appellate decisions holding mere snatching to be sufficient were put in doubt." *Welch*, 683 F.3d at 1311.  Nonetheless, the *Welch* Court found *Robinson*'s clarification of the law irrelevant to whether the defendant's 1996 Florida robbery conviction qualified as an ACCA predicate, since "[i]n 'determining whether a defendant was convicted of a 'violent felony,'" the Court must apply "the version of the state law that the defendant was actually convicted of violating." *Welch*, 683 F.3d at 1311 (citing *McNeill v. United States*, 563 U.S. 816, 131 S.Ct. 2218, 2222 (2011)).

As the Eleventh Circuit recognized in *Welch*, as of 1996 – and therefore, in 1994 when Mr. Cook was convicted as well – the "latest authoritative pronouncement" as to the elements of robbery under §812.13(1) was in *McCloud v. State*, 335

7

So.2d 257 (Fla. 1976). And in *McCloud*, the Florida Supreme Court expressly held that "any degree of force suffices" for robbery, including the minimal amount of force necessary to "extract" property from a victim's "grasp," so long as the taking is not by "stealth." *McCloud*, 335 So.2d 258-259 (what distinguished robbery from larceny is the victim's awareness of the taking).

Like Welch, Mr. Cook pled guilty to robbery under §812.13 "at a time when mere snatching" with "any degree of force" sufficed for conviction under then-controlling Florida Supreme Court law. *Welch,* 683 F.3d at 1311-1312. Accordingly, for the same reason the Eleventh Circuit assumed for its "violent felony" analysis that Welch's 1996 robbery conviction under §812.13(1) was for "robbery by sudden snatching," this Court should so assume for Mr. Cook's conviction here as well. The correctness of *Welch*'s "least culpable conduct" analysis, notably, has since been validated by the Supreme Court in *Moncrieffe v. Holder*, 133 S.Ct. 1678, 1684 (2013).

Admittedly, in *Welch* the Eleventh Circuit did not follow its own "least culpable conduct" analysis to its logical conclusion under the ACCA's elements clause. However, it did agree with Welch that at least *"[a]rguably the elements clause would not apply to mere snatching." Id.* at 1312-1313 (emphasis added). Although the Court believed that question was "not cut and dried" at that time, it found it unnecessary to resolve definitively in 2012 since then-controlling precedent compelled a finding that even a non-forceful snatching was a "violent felony" within the residual clause. *Id.*

8

Now that the residual clause has been excised from the ACCA, however, and the Supreme Court has remanded in Welch's own §2255 case to definitively decide the elements clause question left open in 2012, *see Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257, 1268 (April 18, 2016)(remanding to the Eleventh Circuit in recognition of the fact that "reasonable jurists could at least debate whether Welch is entitled to relief" after the voiding of the ACCA's residual clause), this Court will have to use the categorical approach as clarified by the Supreme Court in *Moncrieffe* and *Descamps* to itself resolve whether a pre-1999 robbery conviction qualifies as a "violent felony" within the ACCA's elements clause. And *Moncrieffe* and *Descamps* confirm that because – as the Eleventh Circuit recognized in *Welch* – according to the Florida Supreme Court the "least culpable conduct" under Florida's robbery statute at the time of  Mr. Cook's conviction was a taking by "any degree of force," Mr. Cook's robbery conviction is categorically overbroad vis-à-vis an offense within the elements clause. Accordingly, it is no longer a countable career offender predicate.

C. **The Instant Offense – Hobbs Act Robbery – is no longer a crime of violence**

The career offender enhancement only applies when " the instant offense is a felony crime of violence…"  U.S.S.G. § 4B1.1.  Mr. Cook submits that Hobbs Act robbery can not be considered a crime of violence.

The Hobbs Act statute, 18 U.S.C. § 1951, in pertinent part, defines the term "robbery" in subsection (b)(1) to mean:

the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

In determining whether an offense qualifies as a "crime of violence" under the elements clause of the guidelines, sentencing courts must employ the categorical approach. *Descamps*, 133 S. Ct. at 2283; *Estrella*, 758 F.3d at 1244-1245. And application of the post-*Descamps*, elements-driven categorical approach to Hobbs Act robbery yields the conclusion that it is *not* a "crime of violence" under the elements clause in § 924(c)(3)(A) for multiple reasons.

Notably, by its terms, Hobbs Act robbery under 18 U.S.C. § 1951 can be committed by putting one in fear of future injury to his person or property. And this Court's pattern jury instructions make clear that Hobbs Act robbery is an indivisible offense. *See* 11th Cir. Pattern Jury Instr. 70.3 (2010) (listing as the second, indivisible element of the offense – without any bracketed alternatives – that the government must prove beyond a reasonable doubt that "the Defendant took the property against the victim's will by using actual or threatened force, or violence, or causing the victim to fear harm, either immediately or in the future"). For the reasons set forth below, the statute does *not* require the threat of *violent physical force* against persons or property in every case. And therefore, a conviction under § 1951 does not qualify as a "crime of violence" under the elements  clause in § 924(c)(3)(A) under current law.

As a threshold matter, because Hobbs Act robbery can be accomplished by

placing somebody in fear of injury to his *property*, it does not require the use of violent physical force in every case.  Notably, "[t]he concept of 'property' under the Hobbs Act is an expansive one" that includes "*intangible assets*, such as rights to solicit customers and to conduct a lawful business." *United States v. Arena*, 180 F.3d 380, 392 (2d. Cir. 1999); *abrogated in part on other grounds by Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393, 401 n.8 (2003) (emphasis added). *See also* 11th Cir. Pattern Jury Instruction 70.3 ("Property includes . . . intangible rights that are a source or element of income or wealth"); *United States v. Local 560 of the International Brotherhood of Teamsters*, 780 F.2d 267, 281 (3d Cir. 1986) (noting that the Circuits "are unanimous in extending Hobbs Act to protect intangible as well as tangible property"). **For** example, Hobbs Act robbery can be committed via threats to cause a devaluation of some economic interest. *United States v. Iozzi,* 420 F.2d 512, 514 (4th Cir. 1970) (sustaining Hobbs Act conviction when boss threatened "to slow down or stop construction projects unless his demands were met"). Such threats to economic interests are certainly *not* threats of "violent force." And even where a Hobbs Act robbery is committed by "causing the victim to fear harm, either immediately or in the future," this Court has explained in its pattern instruction that the term "fear" "includes the fear of financial loss as well as fear of physical violence."

Second, even if the "fear of injury" aspect of the statute *required* placing the victim in fear of "physical violence" and therefore, bodily injury – which it certainly does *not* in every case – federal cases interpreting the analogous "intimidation" ele-

11

ment in the federal bank robbery statute (18 U.S.C. § 2113(a)) compel the conclusion that the statute is overbroad vis-a-vis an offense within § 924(c)(3)(A)'s elements clause. Notably, federal bank robbery may be accomplished by "intimidation," which means placing someone in fear of bodily harm. And notably, the standard is an objective, "reasonable person" test. *See United States v. Woodrop*, 86 F.3d 359, 364 (4th Cir. 1996) ("intimidation" under federal bank robbery statute means "an ordinary person in the [victim's position] reasonably could infer a threat of *bodily harm* from the defendant's acts") (emphasis added); *see also United States v. Pickar*, 616 F.3d 821, 825 (2010) (same); *United States v. Kelley*, 412 F.3d 1240, 1244 (11th Cir. 2005) (same); *United States v. Yockel*, 320 F.3d 818, 824 (8th Cir. 2003) (same); *United States v. Higdon*, 832 F.2d 312, 315 (5th Cir. 1987) (same).

"Intimidation" is satisfied under the bank robbery statute "whether or not the defendant actually intended the intimidation," as long as "an ordinary person in the [victim's] position reasonably could infer a threat of bodily harm from the defendant's acts." *Woodrup*, 86 F.3d at 36. Indeed, "[w]hether a particular act constitutes intimidation is viewed objectively, and a defendant can be convicted under [the federal bank robbery statute] even if he did not intend for an act to be intimidating." *Kelley*, 412 F.3d at 1244 (internal citation omitted). *See also United States v. Yockel*, 320 F.3d 818, 821 (8th Cir. 2003) (upholding bank robbery conviction even though there was no evidence that defendant intended to put teller in fear of injury: defendant did not make any sort of physical movement toward the teller and never presented her with a note demanding money, never displayed a weapon of any sort,

12

never claimed to have a weapon, and by all accounts, did not appear to possess a weapon); *United States v. Foppe*, 993 F.2d 1444, 1451 (9th Cir. 1993) (same).   In other words, a defendant may be found guilty of federal bank robbery even though he did not intend to put another in fear of injury.   It is enough that the victim reasonably fears injury from the defendant's actions – whether or not the defendant actually *intended* to create that fear.

But the elements clause of the guidelines requires that a defendant *intentionally* place another in fear of injury. *See Garcia v. Gonzalez*, 455 F.3d 465, 468 (4th Cir. 2006) (analyzing 18 U.S.C. § 16(a)'s elements   clause, and holding that an offense can only constitute a "crime of violence" under the [elements] clause if it has an element that requires an "*intentional* employment of physical force [or threat of physical force]").   Due to the lack of this intent, federal bank robbery criminalizes conduct that does not require an intentional threat of physical force. And for the same reason that federal bank robbery therefore squarely fails to qualify as a "crime of violence," *see id.*, the "fear of injury" component of the Hobbs Act statute renders that statute as well categorically overbroad.

Finally, even if the statute required the causation or threat of physical injury to the person of another – which again, it does *not* – the statute would still not necessarily require the use or threatened us of any physical force, let alone violent physical force. *See, e.g., United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012) (evaluating Cal. Penal Code § 422(a) and reasoning that "[o]f course, a crime may *result* in death or serious injury without involving *use* of physical force"); *Chrza-*

*noski v. Ashcroft*, 327 F.3d 188, 194 (2d Cir. 2003) (noting that "there is a difference between the causation of an injury . . . and an injury's causation by the use of physical force"); *United States v. Cruz-Rodriguez*, 625 F.3d 274, 276 (5th Cir. 2010) (holding that statute criminalizing threatening to commit a crime which will result in death or great bodily injury to another person is not a crime of violence because it does not necessarily involve the use of force); *United States v. Perez-Vargas*, 414 F.3d 1282, 1287 (10th Cir. 2005) (explaining that although Colorado assault statute required causation of bodily injury, imposing injury does not "necessarily include the use or threatened use of 'physical force' as required by the Guidelines").

As the Second Circuit has explained, "human experience suggests numerous examples of intentionally causing physical injury without the use of force, such as a doctor who deliberately withholds vital medicine from a sick patient" or someone who causes physical impairment by placing a tranquilizer in the victim's drink. *Chrzanoski*, 327 F.3d. at 195-96. Likewise, the Tenth Circuit has reasoned that "several examples [exist] of third degree assault that would not use or threaten the use of physical force: . . . intentionally placing a barrier in front of a car causing an accident, or intentionally exposing someone to hazardous chemicals." *Perez-Vargas*, 414 F.3d at 1286. The same is true of Hobbs Act robbery. It, too, can be accomplished without using or threatening to use physical force.

**In short**, the full range of conduct covered by the Hobbs Act robbery statute does not require the use or threat of "violent force" in every case. Accordingly, such a conviction cannot qualify as a "crime of violence" under the elements clause in the

guidelines.   Therefore, because the instant offense is not a crime of violence, Mr. Cook was sentenced as a career offender in error.

## II.   *Johnson* Invalidates § 4B1.2(a)(2)'s Residual Clause

The career offender guideline's residual clause—"or otherwise involves conduct that presents a serious potential risk of physical injury to another," U.S.S.G. § 4B1.2(a)(2)—repeats the ACCA's residual clause verbatim.   Because § 4B1.2(a)(2)'s residual clause is identical to the ACCA's residual clause, the Eleventh Circuit, and every other circuit, interprets the clauses identically.   *See, e.g.*, *United States v. Alexander*, 609 F.3d 1250, 1253 (11th Cir. 2010) ("[T]he residual clauses are identical[.] Accordingly, we look to the Supreme Court's opinions applying the ACCA . . . for guidance in considering whether an offense qualifies as a crime of violence under the Sentencing Guidelines.").   It has therefore construed them interchangeably.   *See, e.g.*, *United States v. Archer*, 531 F.3d 1347, 1350 n.1 (11th Cir. 2008).

As a result, *Johnson*'s declaration that the ACCA's residual clause is void for vagueness applies equally to § 4B1.2(a)'s residual clause.   Indeed, the Court in *Johnson* relied on several decisions involving § 4B1.2(a)(2)'s residual clause to demonstrate that it "has proved nearly impossible" to "mak[e] sense of the residual clause."   *See* 135 S. Ct. at 2559-60 (citing *United States v. Carthorne*, 726 F.3d 503 (4th Cir. 2013); *United States v. Whitson*, 597 F.3d 1218 (11th Cir. 2010); *United States v. McDonald*, 592 F.3d 808 (7th Cir. 2010); *United States v. Williams*, 559 F.3d 1143 (10th Cir. 2009)).   And the Court has granted certiorari, vacated, and re-

manded ("GVR") nine lower court decisions in which defendants had been sentenced under § 4B1.2(a)'s residual clause, including four cases on collateral review, in light of *Johnson*.[1]  Accordingly, and revealingly, the United States government has expressly conceded in appellate courts around the country that *Johnson* invalidates the residual clause in § 4B1.2(a)(2).[2]

Admittedly, the Eleventh Circuit has rejected the government's well-considered, national position in *United States v. Matchett*, 802 F.3d 1185, 1193–96 (11th Cir. 2015*), pet. for reh'g en banc pending* (Oct. 13, 2015).  However, as argued in the pending rehearing petition, the panel's conclusion is unpersuasive.  Not only

---

[1] The GVRs included seven career offender cases, *see Vinales v. United States*, 135 S. Ct. 2928 (2015); *Denson v. United States*, 135 S. Ct. 2931 (2015) (28 U.S.C. § 2255 motion); *Beckles v. United States*, 135 S. Ct. 2928 (2015) (28 U.S.C. § 2255 motion); *Maldonado v. United States*, 135 S. Ct. 2929 (2015); *Smith v. United States*, 135 S. Ct. 2930 (2015); *Wynn v. United States*, 135 S. Ct. 2945 (2015) (28 U.S.C. § 2255 motion); *Jones v. United States*, 135 S. Ct. 2944 (2015) (28 U.S.C. § 2255 motion); one § 2K2.1 case, *Talmore v. United States*, 135 S. Ct. 2937 (2015), and one § 7B1.1 case, *Cooper v. United States*, 135 S. Ct. 2938 (2015).

[2] *See, e.g.*, Supp. Br. for United States at 6-10, *United States v. Pagan-Soto*, No. 13-2243, 2015 WL 4872453 (1st Cir. Aug. 11, 2015); Letter Br. for United States, *United States v. Zhang*, No. 13-3410 (2d Cir. Aug. 13, 2015); Supp. Br. for United States, *United States v. Talmore*, No. 13-10650, 2015 WL 5076250 (9th Cir. Aug. 17, 2015); Supp. Letter Br. the United States at 2-4, *United States v. Lee*, No. 13-10507 (9th Cir. Aug. 17, 2015); United States Supp. 28(j) Auth., *United States v. Smith*, No. 14-2216 (10th Cir. Aug. 20, 2015); Appellee's Supp. Br. at 3-10, *United States v. Madrid*, No. 14-2159, 2015 WL 4985890 (10th Cir. Aug. 20, 2015); Supp. Br. for Plaintiff-Appellee United States at 4-8, *United States v. Grayer*, No. 14-6294, 2015 WL 4999426 (6th Cir. Aug. 20, 2015); United States' Supp. Br. at 7-9, *United States v. Goodwin*, No. 13-1466, 2015 WL 4999435 (10th Cir. Aug. 21, 2015); Supp. Letter Br. for United States, *United States v. Matchett*, No. 14-10396 (11th Cir. Aug. 27, 2015); Supp. Letter Br. for United States, *United States v. Townsend*, No. 14-3652, 2015 WL 5112425 (3d Cir. Aug. 28, 2015); Br. of Plaintiff-Appellee at 8-14, *United States v. Gillespie*, No. 15-1686 (7th Cir. Sept. 14, 2015).

does *Matchett*'s reasoning contravene *Johnson* itself, it contravenes the Supreme Court's decision in *Peugh v. United States*, 133 S. Ct. 2072 (2013).   In *Peugh*, the Court emphasized that the Guidelines, while advisory, nonetheless serve as the baseline and anchor of the federal sentencing regime.   *See id.* at 2087-88; *see also Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345-46 (2016).   The reasoning in *Matchett* is irreconcilable with that proposition, and, in fact, it relies exclusively on circuit decisions that pre-date *Peugh*.   Even the circuits that issued those pre-*Peugh* decisions are no longer relying on them.

Most recently, for example, the Sixth Circuit issued a precedential decision harshly criticizing *Matchett* as "flawed," "mistaken," and "erroneous."   *United States v. Pawlak*, ___ F.3d ___, 2016 WL 2802723 (6th Cir. May 13, 2016).   In doing so, the Sixth Circuit overruled its prior decision in *United States v. Smith*, 73 F.3d 1414 (6th Cir. 1996), in which it had held the Guidelines were not susceptible to a vagueness challenge and which the *Matchett* panel expressly cited with approval.   *Matchett* also relied heavily on *United States v. Wivell*, 893 F.2d 156, 160 (8th Cir. 1990) and *United States v. Tichenor*, 683 F.3d 358 (7th Cir. 2012), both of which have since been called into question following *Johnson*.   *See United States v. Taylor*, 803 F.3d 931, 933 (8th Cir. 2015) ("[t]he reasoning in *Wivell* that the guidelines cannot be unconstitutionally vague . . . is doubtful after *Johnson*"); *United States v. Ramirez*, 799 F.3d 845, 856 (7th Cir. 2015) ("proceed[ing] on the assumption that the Supreme Court's reasoning [in *Johnson*] applies to section 4B1.2 as well").   In the eight months since the *Matchett* rehearing petition has remained pending with-

17

out resolution, "[a]ll ten of the other courts of appeals that have decided this question have either held or assumed that *Matchett* is incorrect." *In re Robinson*, __ F.3d __, 2016 WL 1583616, at *2 n.2 (11th Cir. April 19, 2016) (Martin, J., concurring in the judgment).

In sum, Mr. Cook   is confident that the anomalous decision in *Matchett* is both incorrect and short-lived.  Notably, the Supreme Court has just granted certiorari to resolve the circuit conflict as to whether *Johnson* applies to the Guidelines, and decide whether it applies retroactively in that context.  *Beckles v. United States*, ___ S.Ct. ___ (U.S. No. 15-8544) (cert. granted June 27, 2016).  Accordingly, Mr. Cook   maintains – and believes the Supreme Court will soon confirm – that after *Johnson*, he is no longer a career offender.  Accordingly, he is entitled to relief.

### III.    Mr. Cook  's Claim is Cognizable Under § 2255

Section 2255(a) authorizes a federal prisoner claiming "that [his] sentence was imposed in violation of the Constitution." 28 U.S.C. § 2255(a).  Mr. Cook  's sentence was imposed in violation of the Constitution because it was predicated on the residual clause, the residual clause is "unconstitutionally vague," and "imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563.  As demonstrated above, *Johnson*'s constitutional holding regarding ACCA's residual clause applies to the identically worded residual clause in USSG § 4B1.2(a).  Thus, Mr. Cook  's claim for relief is constitutional in nature and thus cognizable under § 2255(a).

### IV.    *Johnson* Applies Retroactively to Cases on Collateral Review

In *Welch v. United States*, the Supreme Court squarely held, and without qualification, that "*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review."  578 U.S. at __, 136 S. Ct. 1257, 1268 (2016); *see id.* at 1265 ("the rule announced in *Johnson* is substantive").  Because Mr. Cook 's § 2255 motion is based on the substantive rule announced in *Johnson*, it applies retroactively to this case on collateral review.  Indeed, the Eleventh Circuit reached that conclusion even before *Welch* was decided.  *See In re Rivero*, 797 F.3d 986, 991 (11th Cir. 2015) (observing that, if the petitioner, who was sentenced under the Guidelines' residual clause, "were seeking a first collateral review of his sentence, the new substantive rule from *Johnson* would apply retroactively" to his case).  And in *Beckles v. United States*, ___ S.C. ___ (U.S. No. 15-8544 )(cert. granted June 27, 2016),  the Supreme Court will specifically consider this issue as well.

### V.    Mr. Cook's Motion is Timely

As relevant here, § 2255 imposes a one-year statute of limitations that runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).  That date runs from the date the Supreme Court recognizes the new right.  *Dodd v. United States*, 545 U.S. 343, 360 (2005).

Mr. Cook's motion is timely under § 2255(f)(3). In declaring the residual clause unconstitutionally vague, *Johnson* recognized a new right because that result

was not "dictated by precedent" at the time Mr. Cook 's conviction became final. *See Howard v. United States*, 374 F.3d 1068, 1073–74 (11th Cir. 2004). To the contrary, the Supreme Court itself, as well as the Eleventh Circuit, had repeatedly rejected vagueness challenges to the residual clause. *Sykes v. United States*, 564 U.S. 1 (2011); *James v. United States*, 550 U.S. 192, 210 n. 6 (2007); *United States v. Gandy*, 710 F.3d 1234, 1239 (11th Cir. 2013). And, as explained above, *Johnson* applies retroactively because it is a substantive rule.

Therefore, Mr. Cook  has one year from the date *Johnson* was decided to seek relief. *See Dodd v. United States*, 545 U.S. 343, 360 (2005). Thus, this motion is timely under § 2255(f)(3).[2]

---

[2] In order to ensure compliance with the statute of limitations, Mr. Cook, in an abundance of caution, has filed this § 2255 motion while his application for authorization remains pending in the Eleventh Circuit.

20

## CONCLUSION

Because Mr. Cook no longer qualifies as a career offender after *Johnson*, he respectfully requests that this Court grant this § 2255 motion and re-sentence him without the career offender enhancement.


Respectfully Submitted,

**MICHAEL CARUSO**
**FEDERAL PUBLIC DEFENDER**


By:     */s/ Aimee Ferrer*
         Aimee Ferrer
         Assistant Federal Public Defender
         Florida Bar No.  17827
         150 W. Flagler Street, Suite 1700
         Miami, Florida 33130-1556
         Tel: (305) 530-7000
         Fax: (305) 536-4559
         Email: aimee_ferrer @fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on **June 27, 2016**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Aimee Ferrer*

## SERVICE LIST

### HORACE COOK **v. United States of America**
### Case No.: 16-cv-22730-FAM
### United States District Court, Southern District of Florida

Federal Public Defender's Office
150 W. Flagler Street, Suite 1700
Miami, Florida 33130-1556
Tel: (305) 530-7000
Fax: (305) 536-4559
Attorney for the Plaintiff/Movant
Via: CM/ECF


**United States Attorney's Office**
99 N.E. 4 Street
Miami, Florida 33132
Tel. (305) 961-9100
Fax. (305) 530-7976
Attorney for the Defendant/Respondent
Via: CM/ECF

JS 44 (Rev. 11/15) Revised
03/16

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a)   PLAINTIFFS** Horace Cook

**DEFENDANTS** United States of America

**(b)** County of Residence of First Listed Plaintiff **Wayne County, GA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Miami-Dade, FL**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Aimee Ferrer, FPD, 150 West Flagler Street, Suite 1500, Miami, FL 33130, (305)530-7000

Attorneys *(If Known)*

U.S. Attorney's Office, 99 NE 4th Street, Miami, FL 33132, (305) 961-9000

**(d)** Check County Where Action Arose:   ☐ MIAMI-DADE   ☐ MONROE   ☐ BROWARD   ☐ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE   ☐ HIGHLANDS

| **II.  BASIS OF JURISDICTION** *(Place an "X" in One Box Only)* | | **III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff)* and One Box for Defendant) | | | |
|---|---|---|---|---|---|
| | | *(For Diversity Cases Only)* | | | |
| | | | PTF | DEF | PTF DEF |
| ☐ 1   U.S. Government Plaintiff | ☐ 3   Federal Question *(U.S. Government Not a Party)* | Citizen of This State | ☐ 1 | ☐ 1   Incorporated *or* Principal Place of Business In This State | ☐ 4   ☐ 4 |
| ☑ 2   U.S. Government Defendant | ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)* | Citizen of Another State | ☐ 2 | ☐ 2   Incorporated *and* Principal Place of Business In Another State | ☐ 5   ☐ 5 |
| | | Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3   Foreign Nation | ☐ 6   ☐ 6 |

**IV.  NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | Liability | ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 340 Marine | Injury Product | | ☐ 840 Trademark | ☐ 460 Deportation |
| (Excl. Veterans) | ☐ 345 Marine Product Liability | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Property Damage | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| | | | ☐ 791 Empl. Ret. Inc. | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☒ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | **Other:** | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | | | |

**V.  ORIGIN** *(Place an "X" in One Box Only)*

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Re-filed (See VI below)   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district *(specify)*   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment   ☐ 8 Remanded from Appellate Court

**VI. RELATED/**
**RE-FILED CASE(S)**   *(See instructions):*   a) Re-filed Case ☐YES ☐NO   b) Related Cases ☑YES ☐NO
JUDGE Moreno   DOCKET NUMBER 12-cr-20716-FAM

**VII. CAUSE OF ACTION**   Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 2255, Motion to Vacate Sentence After Supreme Court Decision in Johnson
LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23   **DEMAND $**   CHECK YES only if demanded in complaint:   **JURY DEMAND:** ☐ Yes   ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**
DATE   SIGNATURE OF ATTORNEY OF RECORD
6/27/16

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   IFP   JUDGE   MAG JUDGE